IDA T. POZAR, Respondent, *v.* CLARA F. KIRBY and Others, Defendants, Impleaded with ANNA E. DAUM, Appellant.

First Department, May 3, 1940.

*Horace M. Gray* of counsel [*Charles E. Wythe* and *Earl A. McIntyre* with him on the brief], for the appellant.

*Joseph R. Apfel* of counsel [*Isadore Apfel* with him on the brief; *Leo H. Rich,* attorney], for the respondent.

CALLAHAN, J. Anna E. Daum in November, 1930, took by assignment a mortgage for $2,500 on premises 3111 Middletown road, Bronx, New York, which had been executed on April 1, 1912. Said mortgage was duly recorded on April 2, 1912. On March 20, 1929, the plaintiff, Ida T. Pozar, loaned $5,000 to defendant Kirby, who was the owner of 3111 Middletown road, apparently as nominee for one John A. Steinmetz. Steinmetz had arranged the Pozar loan and had promised Mrs. Pozar he would invest her money in a first mortgage.

In 1934 the Pozar mortgage went into default for non-payment of taxes and interest, and in July, 1936, Mrs. Pozar directed her attorney to commence foreclosure. The attorney made a foreclosure search and discovered the existence of Mrs. Daum's mortgage as a first lien on the premises. Up to this time Mrs. Pozar had no actual knowledge of Mrs. Daum's mortgage; nor did Mrs. Daum know of Mrs. Pozar's mortgage. Mrs. Pozar's attorney communicated with Steinmetz and threatened to take the matter to the district attorney if the situation was not corrected. This took place in July or August, 1936. Thereupon Steinmetz asked Mrs. Daum, who was a close personal friend of his family, to bring her mortgage papers with her to his house. Mrs. Daum did so and, according to her testimony, Steinmetz had her execute two blank papers, which she delivered to him with the bond and mortgage. Steinmetz told her that the property was to be taken in condemnation and he required those documents in order to proceed and represent her interests in those proceedings. Mrs. Daum took a receipt from Steinmetz, dated July 31, 1936, reading as follows:

" Received Mge. & Assignment of Mge of 2,500.

" [Signed] JOHN A. STEINMETZ.
" Property at 3111 Middletown Road."

Mrs. Daum testified that a few days later she went back to Steinmetz and asked whether the city had taken the property, and when he told her that nothing had happened yet, she demanded a further receipt which he gave her, reading as follows:

" BRONX, N. Y. *Aug.* 8, 1936
" Received from Anna E. Daum Mortgage and Assignment of Mortgage to hold until such time as it will be paid off. 3111 Middletown Rd. Bronx.
" $2500#              [signed] JOHN A. STEINMETZ."

Mrs. Daum said that several weeks thereafter she went back and again demanded to know whether the city had taken the property in condemnation, and that Steinmetz told her that nothing further had happened yet. He then offered to give her a promissory note, which she said was to be held by her as further security for the papers which he had retained. A note, reading as follows, was then delivered to Mrs. Daum:

" $2500#                    NEW YORK, *Sept.* 12, 1936.
One Year            after date            I promise to pay to the order of Anna Daum
Twenty Five Hundred–or part on same–Dollars Payable at 1005 East 180 St. Bronx New York City. Value received 5% this pertaining to Mge on 3111 Middletown Rd. N. Y. C. Bronx.
                    " [Signed] JOHN A. STEINMETZ."

Mrs. Daum kept this note until September, 1937, when Steinmetz gave her a second or renewal note, dated September 12, 1937, reading as follows:

" $2500#                         *Sept.* 12, 1937.
One year after date      promise to pay to the order of Anna Daum Twenty Five Hundred#.........................Dollars at 1005 East 180 St. Bronx.
Property at 3111 Middletown Rd. Bronx.
" Value received 5%
No..........Due........
                    " [Signed] JOHN A. STEINMETZ."

During these two years interest was paid to Mrs. Daum by Steinmetz semi-annually as if her mortgage still existed.

In August, 1936, Steinmetz's attorneys had delivered to plaintiff's attorney a subordination agreement claimed to have been executed by Mrs. Daum, Mrs. Pozar and Mrs. Kirby, subordinating Mrs. Daum's $2,500 first mortgage to the Pozar $5,000 second mortgage. This subordination agreement was dated August 18, 1936. John A. Steinmetz, as notary public, executed the purported

acknowledgments of Mrs. Kirby and Mrs. Daum to this instrument, both as of the 18th of August, 1936. Mrs. Pozar's signature was acknowledged on the 27th of August, 1936, by her attorney. The paper was recorded on August 28, 1936, in the register's office, Bronx county.

After receipt of this paper, Mrs. Pozar's attorney proceeded with her foreclosure action. Two years later Mrs. Daum accidentally learned of this foreclosure and moved to vacate the judgment, alleging that she was never served with process. The question of service was referred to an official referee, who reported that Mrs. Daum was never served. Thereupon she was permitted to put in an appearance in the foreclosure suit, with the proviso that the judgment should stand until the question of the merits of her defense was litigated. In her answer, Mrs. Daum asserted that the subordination agreement was obtained from her by fraud and asked for affirmative judgment that it be canceled of record. Thereupon the trial resulting in the present judgment was had. Special Term held that Mrs. Daum gave the subordination for a good consideration, and refused to cancel it of record.

The principal point urged on this appeal is that such decision is contrary to the weight of the evidence. We think that the decision is clearly against the weight of the evidence for reasons which will hereinafter appear.

Examination of the documents discloses that Mrs. Daum's mortgage was a first mortgage for upwards of twenty years, and there appears no good reason why she should have subordinated it to the Pozar mortgage. The very nature of the transaction should cause careful scrutiny of the evidence concerning the alleged consideration for the subordination agreement.

Steinmetz testified as a witness for Mrs. Pozar. The gist of his story is that he told Mrs. Daum of the default in interest on the Pozar mortgage and that it would be necessary to foreclose her mortgage because there had been a default in taxes, and that she had said that she had no money with which to finance a foreclosure suit. He said that he told her that Mrs. Pozar's mortgage was about to be foreclosed, that he offered to buy Mrs. Daum's mortgage if she would take his note in payment thereof, and that Mrs. Daum agreed to take the note in payment of the mortgage.

Mrs. Daum, on the other hand, told the story above related, to the effect that Steinmetz took her mortgage from her and had her sign papers in blank, on the understanding that the city was to condemn the property. She claims that the subordination agreement was filled in on one of the blank papers which she signed.

When Steinmetz was asked whether he had told Mrs. Daum about any expected condemnation, although he at first denied doing so, eventually he admitted he had mentioned a condemnation, stating that he had always hoped the city was going to take the property.

If there were merely contradictions between the oral statements of the witnesses, the judgment might be upheld, but examination of the documents strongly supports Mrs. Daum's contentions. In the first place, the two receipts above set forth, dated July 31 and August 8, 1936, show that Steinmetz took Mrs. Daum's bond and mortgage several weeks before the subordination agreement was dated. The second receipt shows that Steinmetz was to hold the papers until the mortgage was paid off. This contradicts Steinmetz's testimony that he bought Mrs. Daum's mortgage, and that she had accepted his note in payment thereof.

The subordination agreement is dated August eighteenth. Steinmetz contends he got this agreement as part of the same transaction in which the note for $2,500 was delivered. He insists, however, that the note was not given as consideration for the subordination agreement, but for the purchase price of Mrs. Daum's mortgage. But the first note is dated September 12, 1936, or almost a month after the date when the subordination agreement was dated.

In the first note Steinmetz wrote: " this pertaining to Mge. on 3111 Middletown Rd." At that time he must have known that the subordination agreement had been delivered, and that the Daum mortgage would be wiped out in the pending foreclosure, if, indeed, it had not already been wiped out.

When the note was renewed in September, 1937, we see that instead of mentioning the mortgage, he put " Property at 3111 Middletown Rd. Bronx."

If during all this time he had not led Mrs. Daum to believe that she still had a mortgage on the property, he would not have inserted the reference to 3111 Middletown road, particularly if she held merely his note as security for the repayment of her $2,500. In fact, on September 12, 1937, the property had long been sold in foreclosure, and Mrs. Daum had no interest therein, as Steinmetz well knew.

Further than this, we find in the subordination agreement a recital that it is given to induce Mrs. Pozar to mortgage the premises. It is quite clear from the circumstances that the subordination agreement could not have been given in consideration of the inducement to Mrs. Pozar to mortgage the premises. Mrs. Pozar had obtained her mortgage in 1929. Mrs. Daum took over the first mortgage in 1930. The subordination agreement was executed in 1936.

The subordination agreement also recites: " Whereas, on condition that said mortgage be subordinated in the manner hereinafter appearing, the party of the third part [Mrs. Pozar] has placed a mortgage covering said premises hereinabove described, bearing date the 22nd day of March, 1929." This again is a false recital of the facts, for no such condition could have existed. Both Mrs. Pozar and Mrs. Daum stated that they had never heard of each other or of each other's mortgages until 1936, when the foreclosure search was procured. Therefore, it is apparent that false recitals concerning consideration were inserted in the subordination agreement.

Another important point in the documentary evidence supporting Mrs. Daum's claim is that Steinmetz testified that this subordination agreement was prepared by Mrs. Pozar's attorney. The attorney, when called as a witness, denied this fact, and said that he got the subordination agreement from Mr. Steinmetz's lawyers. He voluntarily produced a letter from the office of Steinmetz's attorneys, showing that on August 25, 1936, these lawyers were delivering the subordination agreement to him as attorney for Mrs. Pozar. Therefore, it is clear that the subordination agreement came through Steinmetz's attorneys, and that Steinmetz either was mistaken, or testified falsely concerning the person by whom it was prepared. As he acted as the notary, it is quite clear that either Steinmetz drew it up or he had it drawn by his lawyers. Neither side subpoenaed Steinmetz's attorneys.

Upon this evidence, we are of the opinion that we should not let this verdict stand. It is quite clearly contrary to the written, as well as the oral, testimony.

Mrs. Pozar, at least up to the time of the receipt of the subordination agreement, may have been quite unaware of Mrs. Daum's right to priority. But, as either of two innocent persons must suffer, it is plain that Mrs. Daum is entitled to have her priority maintained, if, in fact, she signed the subordination agreement through fraud. We find that she did.

There is one point of law raised on the appeal which we deem it necessary to discuss: Plaintiff contends that section 279 of the Real Property Law obviated the necessity of consideration. That section is a recently adopted statute reading, in part, as follows: " An agreement hereafter made to change or modify, or to discharge in whole or in part, any contract, obligation, or lease, or any mortgage or other security interest in personal or real property, shall not be invalid because of the absence of consideration, provided that the agreement changing, modifying or discharging such contract, obligation, lease, mortgage or security interest, shall be in writing and signed by the party against whom it is sought to enforce the change, modification or discharge."

Assuming that this statute would apply to a subordination agreement as a paper modifying a mortgage within the meaning of the section, the statute merely goes to the question of consideration and would be no defense to a claim that execution of a document was procured through actual fraud.

The judgment should be reversed, with costs, and judgment directed for appellant reinstating her mortgage as a first lien on the premises, and for the other relief demanded in her answer.

MARTIN, P. J., O'MALLEY, DORE and COHN, JJ., concur.

Judgment unanimously reversed, with costs, and judgment directed for the defendant-appellant reinstating her mortgage as a first lien on the premises, and for the other relief demanded in her answer.

Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.